# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SGK VENTURES, LLC | ) | Case No. 13-37603 |
| (f/k/a Keywell L.L.C.), | ) | |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing Date:  December 23, 2014 at 9:30 a.m. |
| | ) | (Prevailing Central Time) |

## NOTICE OF THE LIQUIDATING TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (DUPLICATIVE CLAIMS, SATISFIED CLAIMS, SETTLED CLAIMS, GOVERNMENTAL CLAIMS, POSTPETITION CLAIMS, LITIGATION CLAIMS, AND LATE-FILED CLAIMS)

**PLEASE TAKE NOTICE** that on **December, 23, 2014 at 9:30 a.m. (Central Time)** or as soon thereafter as counsel may be heard, Kelly Beaudin Stapleton (the "Trustee" or "Ms. Stapleton"), solely in her capacity as Trustee of SGK Ventures, LLC Liquidating Trust, shall appear before the Honorable Eugene R. Wedoff, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 744, Chicago, Illinois 60604, or any other Judge sitting in his place or stead, and then and there present **The Liquidating Trustee's First Omnibus Objection to Certain Proofs of Claim**, a copy of which is herewith served upon you.

**PLEASE TAKE FURTHER NOTICE** that you may obtain copies of any pleadings in this case at no cost by visiting the above-captioned debtor's claims and noticing agents' website at www.omnimgt.com/sgkventures or, for a fee, by visiting the Court's website at www.ilnb.uscourts.gov and following the procedures set forth therein.

| | |
|---|---|
| Dated:  November 20, 2014 | /s/ David A. Agay |
| | David A. Agay (ARDC No. 6244314) |
| | Sean D. Malloy (ARDC No. 6217401) |
| | Micah E. Marcus (ARDC No. 6257569) |
| | Joshua A. Gadharf (ARDC No. 6296543) |
| | McDONALD HOPKINS LLC |
| | 300 North LaSalle Street, Suite 2100 |
| | Chicago, Illinois 60654 |
| | Telephone:  (312) 280-0111 |
| | Facsimile:  (312) 280-8232 |
| | dagay@mcdonaldhopkins.com |
| | smalloy@mcdonaldhopkins.com |
| | mmarcus@mcdonaldhopkins.com |
| | jgadharf@mcdonaldhopkins.com |
| | *Counsel to Kelly Beaudin Stapleton, solely in capacity as Trustee of SGK Ventures LLC, Liquidating Trust* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SGK VENTURES, LLC | ) | Case No. 13-37603 |
| (f/k/a Keywell L.L.C.), | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| Debtor. | ) | |
| | ) | |

**THE LIQUIDATING TRUSTEE'S FIRST OMNIBUS OBJECTION
TO CERTAIN PROOFS OF CLAIM (DUPLICATIVE CLAIMS, SATISFIED CLAIMS,
SETTLED CLAIMS GOVERNMENTAL CLAIMS, POSTPETITION CLAIMS,
LITIGATION CLAIMS, AND LATE-FILED CLAIMS)**

> **THIS OBJECTION SEEKS TO DISALLOW, EXPUNGE, RECLASSIFY, REDUCE, AND/OR MODIFY CERTAIN FILED PROOFS OF CLAIM AND/OR AUTHORIZE THE TRUSTEE TO DELAY PAYMENT ON SUCH CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULES 1–7 TO EXHIBIT A ATTACHED TO THIS OBJECTION.**

Kelly Beaudin Stapleton (the "Trustee" or "Ms. Stapleton"), solely in her capacity as Trustee of the SGK Ventures, LLC Liquidating Trust (the "Trust"), respectfully states the following in support of this objection (this "Objection"):

**I.    Relief Requested**

1.    The Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):

- expunging and disallowing the claims identified on **Schedule 1** to the Order (the "Duplicative Claims") in their entirety because such claims are duplicative of other proofs of claim;

- expunging and disallowing the claims identified on **Schedule 2** to the Order (the "Satisfied Claims") in their entirety because such claims are reflected in the Debtor's books and records as obligations that were assumed by the Buyer (defined below); and

{5204847:3}                                            2

- expunging and disallowing the claim identified on **Schedule 3** to the Order (the "Settled Claim") in its entirety because such claim has been waived per a pending settlement.

- expunging and disallowing the claims identified on **Schedule 4** to the Order (the "Governmental Claims") in their entirety because such Claims have no basis in the Debtor's books and records; and

- expunging and disallowing the claims identified on **Schedule 5** to the Order (the "Postpetition Claims") in their entirety because such Claims include amounts owed after the Petition Date (defined below); and

- authorizing the Liquidating Trustee to withhold any distribution to the creditors who filed the claims identified on **Schedule 6** to the Order (the "Litigation Claims") because the claims are asserted by a party that may hold property that is recoverable under the Bankruptcy Code, or by a party that may have been the transferee of a transfer that is avoidable under the Bankruptcy Code.

- expunging and disallowing the claims identified on **Schedule 7** to the Order (collectively, the "Late-Filed Claims" and, collectively with the Duplicative Claims, Satisfied Claims, Settled Claim, Governmental Claims, Postpetition Claims, and Litigation Claims the "Disputed Claims")) in their entirety because such claims were not timely filed;

In support of this Objection, the Trustee submits the declaration of Rich Newman (the "Newman Declaration"), to be filed in connection herewith.

## II.     Jurisdiction

2.      The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 502 and 1106(a)(1) of title 11 of the United States Code (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

Document    Page 4 of 13

### III. Background

5. On September 24, 2013, the above-captioned debtor (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[1]

6. On October 3, 2013, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") [Docket No. 52; as amended by Docket Nos. 128 and 632].

7. On September 3, 2014, the Court entered that certain Order Confirming Committee's Plan of Liquidation [Docket No. 853] (the "Confirmation Order"). The Plan went effective on October 21, 2014 (the "Effective Date") upon the execution of the Trust Agreement (as defined below).

8. Prior to the Effective Date, the Debtor operated its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. On the Effective Date, all of the Debtor's assets other than the Frewsburg Assets were transferred to the Trust pursuant to the Plan.

9. A copy of the Plan, including the Plan Supplement,[2] was attached to the Confirmation Order as Exhibit A. The SGK Ventures, LLC Liquidating Trust Agreement (the "Trust Agreement") was included as Exhibit 1 to the Plan Supplement, which contemplates Ms. Stapleton acting as the initial liquidating trustee.

### IV. The Claims Reconciliation Process

10. On October 8, 2013, the Debtor filed its original statement of financial affairs and schedules of assets and liabilities [Docket No. 68] (the "Schedules") pursuant to Bankruptcy Rule

---

[1] Capitalized but undefined terms shall have the meanings ascribed to them in the Second Amended Plan of Liquidation of the Official Committee of Unsecured Creditors of SGK Ventures, LLC (as amended, supplemented, and/or modified, the "Plan").

[2] This Court has retained jurisdiction over certain issues relating to the Chapter 11 Case and the implementation of the Plan, including issues relating to the distribution of plan assets.

1007]. On March 28, 2014, the Debtor filed amendments to certain of their Schedules [Docket Nos. 570-78].

11. On November 25, 2013, the Court entered the Order Establishing Bar Dates for Filing Proof of Prepetition Unsecured and Secured and § 503(b)(9) administrative expense claims [Docket No. 252] (the "Bar Date Order") establishing certain dates and deadlines for filing claims in this chapter 11 case. Specifically, the Bar Date Order set: (a) January 31, 2014 (the "Bar Date"), as the deadline for all persons and entities asserting a claim (as defined in section 101(5) of the Bankruptcy Code) that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code, to file written proof of such claims; and (b) March 24, 2014 (the "Government Bar Date") for all governmental units asserting a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor that arose on or prior to the Petition Date to file written proof of such claims.

12. To date, 341 proofs of claim have been filed against the Trustee in this chapter 11 case totaling approximately $36 million in the aggregate. Because of the large number of claims in these cases, the Trustee files this Objection to certain claims in accordance with the Bankruptcy Rules 3007(d) and (e).

### V. Objection

**A. Duplicative Claims**

13. The Trustee objects to four Duplicative Claims. As set forth in the Newman Declaration, the Trustee has reviewed the Duplicative Claims and determined that the Duplicative Claims duplicate other proofs of claim (collectively, the "Surviving Claims") identified on **Schedule 1** to the Order. Failure to disallow and expunge the Duplicative Claims could result in the applicable claimants receiving multiple recoveries against the Trust, to the detriment of other similarly-situated creditors. Moreover, elimination of such Duplicative Claims will enable the

{5204847:3}                                          5

Trustee to maintain a more accurate claims register. Accordingly, the Trustee requests that the Court enter the Order expunging and disallowing those Duplicative Claims identified on **Schedule 1** to the Order. This Objection does not affect the Surviving Claims identified on **Schedule 1** to the Order.

B. **Satisfied Claims**

14. The Trustee objects to four Satisfied Claims. As set forth in the Newman Declaration, the Trustee has reviewed the Debtor's books and records and determined that the Satisfied Claims were either: (a) assumed by the Buyer per APA schedule 2.03(b); or (b) a rail car tax liability assumed postpetition by Buyer pursuant to the Sale Order. Failure to disallow and expunge the Satisfied Claims could result in the applicable claimants receiving an unwarranted recovery against the Trust, to the detriment of other similarly-situated creditors. Accordingly, the Trustee requests that the Court enter the Order expunging and disallowing those Deemed Satisfied Claims identified on **Schedule 2** to the Order.

C. **Settled Claim**

15. The Trustee objects to one Settled Claim. As set forth in the Newman Declaration, after reviewing the Debtor's books and records, the Trustee has determined that the Settled Claim was waived per a settlement agreement (the "**Settlement Agreement**"). The Plan and the Trust Agreement empower the Trustee to, among other things, settle claims asserted by the Debtor's creditors in the bankruptcy case. Failure to disallow and expunge the Settled Claim could result in the applicable claimant receiving an unwarranted recovery against the Trust, to the detriment of other similarly-situated creditors. Accordingly, the Trustee requests that the Court enter the Order expunging and disallowing the Settled Claim identified on **Schedule 3** to the Order. The Settlement Agreement is included as **Exhibit 1** to **Schedule 3** to the Order.

**D.     Governmental Claims**

16.    The Trustee objects to three Governmental Claims. As set forth in the Newman Declaration, the Trustee has reviewed the Debtor's books and records and determined that the Governmental Claims are deficient for one of the following reasons: (1) No record of the individual Governmental Claims exists in the Debtor's books and records; (2) the Liquidating Trustee, after examining the Debtor's books and records, does not believe such a liability exists; and/or (3) the Governmental Claims appear to include postpetition amounts due.  Failure to disallow and expunge the Governmental Claims could result in the applicable claimants receiving an unwarranted recovery against the Trust, to the detriment of other similarly-situated creditors. Accordingly, the Trustee requests that the Court enter the Order expunging and disallowing those Governmental Entities identified on **Schedule 4** to the Order.

**E.     Postpetition Claims**

17.    The Trustee objects to three Postpetition Claims. As set forth in the Newman Declaration, the Trustee has reviewed the Debtor's books and records and determined that the Postpetition Claims include amounts owed that accrued after the Petition Date.  Failure to disallow and expunge the Postpetition Claims could result in the applicable claimants receiving an unwarranted recovery against the Trust, to the detriment of other similarly-situated creditors. Accordingly, the Trustee requests that the Court enter the Order expunging and disallowing those Postpetition Claims identified on **Schedule 5** to the Order.

**F.     Litigation Claims**

18.    As set forth in the Newman Declaration, after reviewing the Debtor's books and records, the Trustee has determined that the claimants who filed Litigation Claims are Parties from whom property may be recoverable under sections 542, 543, 550, or 553 of the Bankruptcy Code, or a party that may have been a transferee of a transfer avoidable under sections 522(f),

{5204847:3}                                                  7

522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code. Section 502(d) of the Bankruptcy Code states that the Court shall disallow any such claim, unless the party has paid the amount or turned over such property. 11 U.S.C. §502(d)

19. The Parties filing Litigation Claims are defendants (the "Defendants") in Official Committee of Unsecured Creditors of Keywell v. NewKey Group, LLC et al (Ad. Pro 13-01411) (the "NewKey Litigation"). As further set forth in the Amended Complaint filed in the NewKey Litigation [Ad. Pro. 13-01411, Dock. No. 104], the Committee (which the Trustee has succeeded in interest) alleged that the defendants hold property that is recoverable under the Bankruptcy Code or who were the transferees of a transfer avoidable under the Bankruptcy Code.

20. The Trustee is requesting that the Court authorize the Trustee to withhold payment of the Litigation Claims until the conclusion of the NewKey Litigation. Under the Plan, the Litigation Claims are designated as "convenience claims" due to their size. The Plan demands that the Trustee make a distribution to any claimant who filed a convenience claim within 30 days of the effective date. *See* Plan, § 2.2.3.

21. Upon completion of the NewKey Litigation, if the Defendants are successful, the Trustee will withdraw her objection to the Litigations Claims and make the distribution contemplated in the Plan. However, if the Defendants are found to have received property that is recoverable under sections 542, 543, 550, or 553 of the Bankruptcy Code, or a to have been a transferee of a transfer avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, and do not pay such amount or return such property, then the Court should disallow the Litigation Claims pursuant to Bankruptcy Code § 502(d). Failure to permit the Trustee from withholding payment on the Litigation Claims could result in the Defendants receiving an unwarranted recovery against the Trust, to the detriment of other similarly-situated

creditors. Accordingly, the Trustee requests that the Court enter and Order permitting the Trustee to withhold payment on those Litigation Claims identified on **Schedule 6** to the Order.

### G. Late-Filed Claims

22. On or before the Bar Date, Edox Inc., the Debtor's notice and claims agent, served copies of the Bar Date Notice in accordance with the terms of the Bar Date Order on the Debtor's known creditors and other entities, including each of the claimants asserting the Late-Filed Claims [Docket No. 269]. Moreover, the Trustee has determined that each claimant asserting a Late-Filed Claim was timely served with the Bar Date Notice and, therefore, had adequate notice of the Bar Date. Accordingly, the Debtor respectfully requests that the Court expunge and disallow the Late-Filed Claims identified on Schedule 7 to the Order in their entirety.

23. The Trustee objects to two Late-Filed Claims identified on Schedule 7 to the Order. As set forth in the Newman Declaration, each Late-Filed Claim (a) arose before the Original Petition Date, (b) was subject to the Bar Date, and (c) was filed after the General Bar Date.

### VI. Basis for Relief

24. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest…objects." 11 U.S.C. § 502(a). A debtor in possession has the duty to object to the allowance of any claim that is improper. See 11 U.S.C. § 1106(a)(1).

25. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. See In re Salem, 465 F.3d 767, 779 (7th Cir. 2006). To receive the benefit of *prima facie* validity, however, the proof of claim must "set forth facts necessary to support the claim." In re Stoecker, 143 B.R. 879, 883 (N.D. Ill. 1992), aff'd in part, vacated in

part by 5 F.3d 1022 (7th Cir. 1993). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. See In re Relford, 323 B.R. 669, 672–73 (Bankr. S.D. Ind. 2004). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. Id. In other words, once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." In re Kahn, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

26. As set forth herein and in the Newman Declaration, the Court should expunge and disallow the Duplicative Claims, Satisfied Claims and Settled Claims. If the Disputed Claims are not formally disallowed, expunged, and/or reclassified as requested herein, the potential exists for the applicable claimants to receive recoveries to which they are not entitled, to the detriment of the Trust's other stakeholders. Thus, this relief is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the claims allowance process.

## VII. Compliance with Bankruptcy Rule 3007(e)

27. The Trustee respectfully submits that this Objection complies with the requirements for omnibus objections set forth by Bankruptcy Rule 3007(e). Namely, the Trustee and Rust Consulting Omni Bankruptcy, its notice and claims agent, have created a personalized form of notice that shall be served upon each claimant affected by this Objection. A form of that notice is attached hereto as Exhibit B. Each form of notice complies with the Objection Procedures proscribed in this Court's order approving the Liquidating Trustee's Motion for an Order: (I) Approving Objection Procedures; and (II) Allowing the Filing of Substantive Omnibus Claims Objections [Docket No. 900 (the "Objection Procedures Order"). Each such notice will also include a copy of the Objection Procedures Order. Finally, each such notice prominently

identifies the claimant's: (a) name; (b) address; (c) applicable claim number; (d) proposed treatment pursuant to the Objection; and (e) does not include any other claimant's information on the notice.

28. As a result, each claimant can readily identify its Claim and proposed treatment and respond accordingly. The proposed form of Order further identifies each claimant by category of claims subject to objection. This Objection conspicuously identifies the Trustee as the objecting party, identifies this Objection as the Trustee's first omnibus claims objection, and contains objections to fewer than 100 Claims. Accordingly, the Trustee respectfully submits that this Objection complies with Bankruptcy Rule 3007(e).

### VIII.    Separate Contested Matter

29. Each of the above objections to the proofs of claim constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. The Trustee requests that any order entered by the Court with respect to an objection asserted herein shall be deemed a separate order with respect to each Claim.

### IX.    Reservation of Rights

30. The Trustee expressly reserves the right to amend, modify, or supplement this Objection and to file additional substantive or non-substantive objections to the Claims objected to herein, or any other Claims, filed or not, which may be asserted against the Trustee. Should one or more of the grounds of objection stated in this Objection be overruled, the Trustee reserves the right to object on any other applicable grounds. In addition, the Trustee reserves the right to seek to reduce any Claim for any reason, including to the extent such Claim has been paid. The Trustee reserves the right to raise further objections, including objections under section 502(d) of the Bankruptcy Code. Nothing in this Objection or the relief requested herein shall limit the right

{5204847:3}                                            11

of the Trustee to bring future and/or additional objections to any of the Disputed Claims on any basis.

## X.     Notice

31.    The Trustee has provided notice of this Objection to: (a) the Office of the U.S. Trustee; (b) holders of Disputed Claims identified on **Schedules 1−7** to the Order; (c) counsel to the Debtors; (d) counsel to NewKey; (e) those parties who have requested service of papers in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (f) the Court's Electronic Mail Notice List.  In light of the nature of the relief requested herein, the Trustee respectfully submits that no further notice is necessary.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the related relief requested herein and such other and further relief as the Court deems appropriate.

Dated:  November 20, 2014	/s/  David A. Agay
	David A. Agay (ARDC No. 6244314)
	Sean D. Malloy (ARDC No. 6217401)
	Micah E. Marcus (ARDC No. 6257569)
	Joshua A. Gadharf (ARDC No. 6296543)
	McDONALD HOPKINS LLC
	300 North LaSalle Street, Suite 2100
	Chicago, Illinois 60654
	Telephone:  (312) 280-0111
	Facsimile:  (312) 280-8232
	dagay@mcdonaldhopkins.com
	smalloy@mcdonaldhopkins.com
	mmarcus@mcdonaldhopkins.com
	jgadharf@mcdonaldhopkins.com