# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SGK VENTURES, LLC ) | Case No. 13-37603 |
| (f/k/a Keywell L.L.C.), ) | |
| ) | Honorable Donald R. Cassling |
| ) | |
| Debtor. ) | |
| ) | |

## EIGHTH POST-CONFIRMATION STATUS REPORT
## OF THE LIQUIDATING TRUSTEE

Kelly Beaudin Stapleton (the "Liquidating Trustee"), the Liquidating Trustee of the SGK Ventures, LLC Liquidating Trust (the "Trust"), hereby submits this eighth post-confirmation status report (this "Report") pursuant to section 4.3.5 of the Second Amended Plan of Liquidation of the Official Committee of Unsecured Creditors of SGK Ventures, LLC [Dkt. No. 853 at Ex. A] (the "Plan") for the period from January 1, 2018, through June 30, 2018 (the "Reporting Period"). For her Report, the Liquidating Trustee respectfully states as follows:

### Background

1. On September 3, 2014, the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") entered an order confirming the Plan [Dkt. No. 853] (the "Confirmation Order"). The Plan went effective on October 21, 2014 [Dkt. No. 875] (the "Effective Date").

2. Pursuant to the Plan, the Liquidating Trustee must file semi-annual reports regarding the administration of property subject to the Trust's control, distributions made by the Liquidating Trustee, and other matters relating to the Liquidating Trustee's implementation of the Plan.

{7542515:2 }

**Report**

3. This Report summarizes the significant steps taken by the Liquidating Trustee to implement the Plan during the Reporting Period.

A. **Liquidating Trust Assets**

4. On the Effective Date, the Debtor transferred all of the Liquidating Trust Assets[1] to the Trust. During the Reporting Period, pursuant to the Confirmation Order and other Bankruptcy Court orders, the Trust was prohibited from making distributions to Holders of Allowed General Unsecured Claims.

5. As of June 30, 2018, the Trust held a total of $18,480,588.26.

6. Pursuant to previous Bankruptcy Court orders, the Liquidating Trustee remains unable to make any distributions to unsecured creditors.

B. **NewKey Litigation**

7. On November 30, 2015, the Bankruptcy Court issued a Memorandum Opinion (the "Judgment Order") and entered judgment in favor of the Liquidating Trustee on her claim for equitable subordination of the NewKey Claims. In short, this meant that the NewKey Claims could only be paid after all Allowed Convenience Class Claims and Allowed General Unsecured Claims are paid in full. The Bankruptcy Court denied the rest of the Liquidating Trustee's claims, including a claim to recharacterize the NewKey Claims as equity, various fraudulent transfer and preference claims against certain of the Debtor's former insiders, and breach of fiduciary duty claims against certain of the Debtor's former officers and directors.

8. On December 11, 2015, NewKey filed a notice of appeal of the Bankruptcy Court's decision. On December 14, 2015, the Liquidating Trustee filed a cross-appeal, appealing the claims that the Bankruptcy Court found for the defendants. The appeals were consolidated

---

[1] Capitalized but undefined terms shall have the meanings set forth in the Plan.

before Judge Thomas M. Durkin (Case Nos. 15-11224, 15-11226, 15-11253) in the United States District Court for the Northern District of Illinois (the "District Court").

9. On June 21, 2017, the District Court entered a Memorandum Opinion and Order (the "District Court Order") reversing the Bankruptcy Court's Judgment Order on equitable subordination and affirming the Bankruptcy Court's Judgment Order on all other respects. On July 5, 2017, the Liquidating Trustee appealed the District Court Order to the United States Court of Appeals for the Seventh Circuit.

10. In the District Court Order, the District Court invited the Liquidating Trustee to file a motion to reconsider the District Court's findings relating to the Liquidating Trustee's breach of fiduciary duty claims. The Liquidating Trustee filed such a motion and the parties briefed the issue before the District Court. The Liquidating Trustee's appeal to the Seventh Circuit was thereafter stayed pending resolution of the breach of fiduciary duty issues. On June 19, 2018, the District Court entered a judgment determining that the defendants did not breach their fiduciary duties.

11. After entry of the District Court's June 2018 order, the Liquidating Trustee reinitiated her appeal to the Seventh Circuit. The Seventh Circuit has entered a scheduling order that provides that all briefing will be completed by September 26, 2018, and the Liquidating Trustee anticipates that the Seventh Circuit will schedule oral argument shortly after the parties have filed all of their appellate briefs.

C. **Valuation of NewKey's Potential Claims**

12. On September 7, 2017, NewKey filed a Motion to Compel Trustee to Pay Allowed Secured Claims, and for Entry of Judgment and Related Relief [Adv. Pro. No. 14-00014, Dkt. No. 53] (the "Motion to Compel") in the Bankruptcy Court. Pursuant to the Motion to Compel, NewKey sought an order that, among other things, (a) established NewKey's

entitlement to interest and attorney fees in connection with the NewKey Claims and (b) compelled the Liquidating Trustee to immediately pay the NewKey Claims in full, including interest and attorneys' fees.

13. The Liquidating Trustee responded by arguing, among other things, that: (a) the NewKey Claims cannot be paid until entry of a Final Order in the NewKey litigation, which will not occur until the appeals process has been completed, (b) NewKey grossly overstates the value of the NewKey Claims by including default interest to which it is not entitled, and (c) NewKey is not entitled to attorneys fees.

14. On April 24, 2018, the Bankruptcy Court entered the Amended Order on Motion to Compel Trustee to Pay Allowed Secured Claims and for Entry of Judgment and Related Relief [Adv. Pro. No. 14-00114, Dkt. No. 104]. Pursuant to that April 2018 order, the Court held that (a) NewKey is entitled to approximately $2 million in pre-petition interest; (b) NewKey is entitled to post-petition default interest, but only through the Effective Date, at a rate of 18% for NewKey I and 24% for NewKey II; (c) NewKey is entitled to post-Effective Date interest at the prime rate, not the default rate, while reserving NewKey's right to argue that it is entitled to a risk premium above the prime rate; (d) NewKey is not entitled to recover its attorney fees and costs; and (e) payment of the NewKey Claims is delayed until resolution of the NewKey Action.

15. Further, by its April 2018 order, the Bankruptcy Court determined the value of NewKey's Claims, should there be a Final Order entered determining the NewKey Claims to be Allowed NewKey Secured Claims. Specifically, the Bankruptcy Court determined that, as of March 31, 2018, NewKey I's claim equaled $5,896,193.46, with a per diem of $689.61 (at the then current prime rate of 4.75%), and NewKey II's claim equaled $8,156,393.63, with a per diem of $953.96 (at the then current prime rate of 4.75%). The Court has set a hearing for

August 7, 2018, to determine whether NewKey is entitled to a risk premium above the prime rate.

**D.     Liquidating Trust Expenses**

16.    On May 3, 2018, The Liquidating Trustee filed a Motion for Authority to Pay Administrative Costs of the Liquidating Trust [Dkt. No. 1462], therein seeking authority to pay the Liquidating Trust's outstanding expenses totaling approximately $340,000, and a go-forward budget of $80,000 per year for expenses unrelated to the litigation with NewKey. NewKey objected to the motion and the Court has set a hearing on the motion for August 7, 2018.

**E.     Frewsburg Litigation**

17.    Pursuant to the Plan, the Frewsburg Assets have remained in the possession of the post-confirmation estate of the Debtor and are not assets of the Liquidating Trust. On November 10, 2015, the Frewsburg Administrator filed a motion to abandon the Frewsburg Assets [Dkt. No. 1155] (the "Motion to Abandon"). The Frewsburg Administrator argued that the Frewsburg Assets had proven to be of inconsequential value and burdensome and that he should be authorized to abandon the property. On December 8, 2015, the Bankruptcy Court denied the Motion to Abandon, without prejudice to the Frewsburg Administrator refiling a similar motion at a later date.

18.    Timothy B. Stallkamp, the individual appointed as the original Frewsburg Administrator under the Plan, resigned effective December 31, 2015.

19.    On December 14, 2015, the State of New York and the New York Department of Environmental Conservation (together, "NYSDEC") commenced an adversary proceeding in the Bankruptcy Court [Adv. Pro. No. 15-00896] (the "NYSDEC Lawsuit"), pursuant to which NYSDEC seeks, among other things, to require the Liquidating Trustee to fund the remediation at the Frewsburg Facility. The Liquidating Trustee believes that NYSDEC's claims have no

merit. On July 7, 2016, the Bankruptcy Court entered an order dismissing four of the six counts of NYSDEC's complaint. The Liquidating Trustee and NYSDEC have agreed to stay the matter to allow for a potential sale of the Frewsburg Assets or other alternative solutions. The Liquidating Trustee anticipates that process will continue through 2018.

**F.     Preference Lawsuits**

20.     On or about September 23, 2015, the Liquidating Trustee commenced approximately 60 adversary proceedings (the "Preference Actions") against various defendants seeking to recover alleged preferential transfers made by the Debtor prior to the Petition Date. Except for five Preference Actions against certain of the Debtor's insiders that have been stayed pending the outcome of the NewKey Action, the Liquidating Trustee has settled, obtained default judgments, or dismissed all Preference Actions. The aggregate amount of the preference claims asserted by the Liquidating Trustee in the remaining Preference Actions against the five insiders total $525,000.

## Conclusion

The Liquidating Trustee will continue to perform her duties in accordance with the terms of the Plan.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated:  July 31, 2018 | /s/ David A. Agay<br>David A. Agay (ARDC No. 6244314)<br>Sean D. Malloy (ARDC No. 6217401)<br>Micah E. Marcus (ARDC No. 6257569)<br>Joshua A. Gadharf (ARDC No. 6296543)<br>McDONALD HOPKINS LLC<br>300 North LaSalle Street, Suite 2100<br>Chicago, Illinois 60654<br>Telephone:  (312) 280-0111<br>Facsimile:  (312) 280-8232<br>dagay@mcdonaldhopkins.com<br>smalloy@mcdonaldhopkins.com<br>mmarcus@mcdonaldhopkins.com<br>jgadharf@mcdonaldhopkins.com<br><br>*Counsel to Kelly Beaudin Stapleton, solely in her capacity as Trustee of SGK Ventures, LLC Liquidating Trust* |